UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROSS AARON, ) | Case No.: 1:10 CV 317 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| DETECTIVE HOWARD, *et al.*, ) | AND ORDER |
| ) | |
| Defendants. ) | |

*Pro se* plaintiff Ross Aaron filed this action under 42 U.S.C. § 1983 against Cleveland Police Detective Howard, Prison Transport Services, Praxair Healthcare Services, Cleveland Municipal Court, and the Cleveland Police Department. In the complaint, Mr. Aaron asserts the defendants violated his Eighth Amendment rights. He seeks $20,000,000.00 in damages. Mr. Aaron also filed an Application to Proceed In Forma Pauperis. That Application is granted.

**Background**

Mr. Aaron alleges he was placed under arrest in the intensive care unit of Metro Health Medical Center on February 15, 2004. He was wanted on a fugitive warrant from the State of Alabama. He was transported to the Cleveland City Jail on February 24, 2004, still suffering from a pulmonary embolism and a fractured femur. His walker was confiscated by jail personnel and he fell, sustaining a fractured collar bone. He was sent back to Metro Health the same say he arrived at the jail and was returned to the intensive care unit.

Five days later, Mr. Aaron was transported back to the Cleveland City Jail to appear before a Municipal Court Judge for an extradition hearing. He claims Detective Howard spoke to the Judge's law clerk and Mr. Aaron was not given a hearing. Instead, Mr. Aaron was taken to a holding cell to await transfer. Prison Transport was called and arrangements were made to take custody of Mr. Aaron between Cleveland and Columbus, Ohio. He claims that he was transported wearing two hospital gowns and paper shoes. Mr. Aaron arrived in Alabama on March 4, 2004. He contends he was denied medication for pain and blood clots during the entire trip.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As a threshold matter, it is apparent on the face of the complaint that the statute of limitations for bringing a §1983 claim expired before Mr. Aaron filed this action. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). Ohio's two year statute of limitations for bodily injury applies to §1983 claims. All of the events described in the Complaint

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

took place in 2004, well beyond the expiration of the statute of limitations period. There would thus be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* section 1983 action filed after two year statute of limitations for bringing such an action had expired); *see also Ashiegbu v. Kim*, No. 97-3303, 1998 WL 211796 (6th Cir. Apr. 24, 1998), *cert. denied*, 525 U.S. 857, 119 S.Ct. 138 (U.S. Oct. 5, 1998) (section 1915(e) *sua sponte* dismissal is appropriate where claim is barred by statute of limitations).

## Conclusion

Accordingly, Plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

June 30, 2010

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.